# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 21, 2009 Session

## JULIA FISHER, ET AL. v. ASHLEY REVELL, ET AL.

**Direct Appeal from the Circuit Court for Obion County**
**No. 07-CV-140      William B. Acree, Judge**

---

**No. W2008-02546-COA-R3-CV - Filed September 30, 2009**

---

### SEPARATE CONCURRENCE

---

JUDGE HOLLY M. KIRBY, CONCURRING SEPARATELY:

I concur in the result reached by the majority in this case. I must, however, disagree with the majority's conclusion that the contract at issue is not ambiguous.

Here, the declarations page of the insurance contract states that the coverage limits are "$100,000 ea pers/$300,000 ea occ." Without more, for an accident resulting in bodily injury to two persons, this provision indicates that the coverage limit for each person would be $100,000.

Section 4(a)(1) states: "The limit stated for 'each person' is the amount of coverage and the most we will pay for all compensatory damages because of or arising out of bodily injury to one person in any one occurrence." The Fishers assert that this language refers to an occurrence resulting in bodily injury to one person. AOI claims that it refers to any occurrence, regardless of the number of persons who suffer bodily injury.

Section 4(a)(2) states: "The limit stated for 'each occurrence' is the total amount of coverage and the most we will pay, subject to 4.a.(1) above, for all compensatory damages because of or arising out of bodily injury of two or more persons in any one occurrence." The Fishers assert that this is the only language in the policy that specifically addresses an occurrence that results in bodily injury to two persons, indicating that a total of $300,000 could be paid in such an instance. Section 4(a)(1) is not inconsistent, they assert, because 4(a)(1) addresses separate situations in which an occurrence results in bodily injury to one person. AOI argues that, despite the "two or more" language in Section 4(a)(2), it should be interpreted as limiting coverage to $100,000 per person regardless of the number of persons injured. The Fishers argue persuasively that AOI's interpretation in effect re-writes Section 4(a)(2) to say "three or more" instead of "two or more" persons.

The majority indicates that the Fishers' interpretation of Section 4(a)(2) is "unreasonable" only because it ignores the phrase "subject to 4.a.(1)." I must respectfully disagree. The Fishers do

not ignore this language; rather, they interpret Section 4(a)(1) differently from AOI's interpretation. The Fishers' interpretation of Section 4(a)(1) is neither implausible nor unreasonable, and it should be taken into account.[1]

Looking at all of these provisions in toto, I cannot conclude, as the majority does, that the contract is "unambiguous." Looking at the four corners of the document, I would find that "reasonably intelligent persons could come to different conclusions" as to its meaning, and this is ambiguous. 77 C.J.S. *Contracts* § 304 (citations omitted).

When a contract is deemed ambiguous, it will normally be construed against the drafter of the contract, who is responsible for creating the ambiguity. ***Parks v. Richardson***, 567 S.W.2d 465, 468 (Tenn. Ct. App. 1977); ***Hanover Ins. Co. v. Haney***, 221 Tenn. 148, 425 S.W.2d 590, 592-93 (Tenn. 1968). This rule, however, is not applied mechanically:

> This rule is a valid and useful tool for construing ambiguous contracts, and it has frequently been used by the court as the key to resolving the question of which of two possible constructions of a contract to favor. But it does not trump other rules of construction in a situations.
>
> * * *
>
> [T]he rule of resolving contract ambiguities against the drafting party only applies if the interpretation urged by the non-drafting party is reasonable and practical. . . . Where the language of an agreement is contradictory,. . . or where its meaning is. . . susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual or such as reasonable men would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred.

***Stephenson v. The Third Co.***, 2004 WL 383317, at *6 (Tenn. Ct. App. Feb. 27, 2004). Here, as noted by the majority, the interpretation advocated by the Fishers produces an "anomalous" result, with each person recovering up to $150,000 *only* if the occurrence results in injury to two persons. As in ***Stephenson***, this is an "unusual" result. ***Id.*** AOI's interpretation, on the other hand, appears to be "fair [and] customary." ***Id.*** Thus, despite the ambiguity in the insurance contract, I would adopt AOI's interpretation and reach the same result as the majority in this case.

---

[1]As noted by the majority, the fact that the Fishers' interpretation produces an unusual result does not mean that their interpretation is unreasonable and that the contract is unambiguous.

Therefore, I concur for the reasons set forth in this Separate Concurrence.


_____
HOLLY M. KIRBY, JUDGE